UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC RODNEY HILL,

                       Petitioner,

          -against-

WARDEN J. JAMISION,

                       Respondent.

24-CV-0073 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Petitioner, currently incarcerated at F.C.I. Otisville, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, challenging the constitutionality of his 2022 conviction in the District of Columbia Superior Court. Because Petitioner was convicted and sentenced in the District of Columbia, this action is transferred to the United States District Court for the District of Columbia.[1] 28 U.S.C. § 88.

    The Clerk of Court is directed to transfer this action to the United States District Court for the District of Columbia. Whether Petitioner should be permitted to proceed further without payment of fees is a determination to be made by the transferee court.[2] This order closes this case.

---

[1] Petitioner previously filed in this court a civil rights complaint challenging the conditions of his confinement in West Virginia. By order dated December 14, 2023, the Court transferred that matter to the United States District Court for the Northern District of West Virginia. *Hill v. Gov't for the State of West Virginia*, ECF 1:23-CV-10569, 3 (S.D.N.Y. Dec. 14, 2023).
    Petitioner filed a previous petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, also challenging the constitutionality of his 2022 conviction in the District of Columbia Superior Court. By order dated December 22, 2023, the Court transferred that matter to the United States District Court for the District of Columbia. *Hill v. Jamison*, ECF 1:23-CV-11003, 3 (S.D.N.Y. Dec. 22, 2023).

[2] Petitioner did not pay the $5.00 fee or file an application for leave to proceed *in forma pauperis* ("IFP") with this petition. Petitioner did file a motion for an extension of time to file the

Because Petitioner has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue under 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   January 9, 2024
        New York, New York

                                      /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                    Chief United States District Judge

---

petition (ECF No. 2), which is also being transferred to the District of Columbia, for its consideration.